IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | Case No. 3:10-cr-00251-JGC |
| | * | |
| Plaintiff, | * | Hon. James G. Carr |
| | * | |
| vs. | * | |
| | * | |
| HOR AKL, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**DEFENDANTS' MOTION TO MODIFY TERMS AND CONDITIONS OF PRETRIAL RELEASE**

Hor Akl, by and through his counsel, and on behalf of his co-defendant and wife, Amera Akl, with the approval of her counsel, moves this Court for an order modifying the terms and conditions of their pretrial release to allow Amera Akl to visit with their three children, with Mr. Akl present, at the marital home from 3:00 p.m. until 8:00 p.m. during school days. A brief memorandum in support follows.

**MEMORANDUM IN SUPPORT**

This is a two-defendant indictment charging Defendants Hor Akl and Amera Akl together in three of the five counts:

1. Providing Material Support to a Designated Terrorist Organization, in violation of 18 U.S.C. Sec. 2339B, carrying a statutory maximum sentence of fifteen years;

2. Money Laundering Conspiracy, in violation of 18 U.S.C. Sec. 1956(h), carrying a twenty year statutory maximum sentence; and

3. Arson, in violation of 18 U.S.C. Sec. 844(h)(1), carrying a ten year minimum mandatory sentence and a twenty year statutory maximum sentence.

In addition, Mr. Akl alone is charged with two additional counts alleging Bankruptcy Fraud and Perjury related to that bankruptcy. Each of these offenses carries a five year statutory maximum sentence.

This Court saw fit to release both Amera Akl and Hor Akl, securing their releases with property, custodians and electronic monitoring, during the pendency of their case. Both Mr. and Mrs. Akl have been compliant with the Court's orders and have had no problems with pretrial services.

As the Court is aware, the couple are required to live at separate residences at this stage of their release. While the defendants are deeply grateful for the Court's trust in granting their release, logistical and emotional problems exist which the defendants now ask the Court to address. Mrs. Akl is residing with her sister while Mr. Akl is in the marital home; The children are with Mr. Akl. This living arrangement is necessary because of the extremely limited space at Mrs. Akl's sister's home.

Because Mrs. Akl is better educated and has much better command of English than her husband, she is invaluable to her children in helping them with their homework and other school assignments. So as to address these problems and help hold the family together emotionally, the defendants ask this Court to permit Mrs. Akl to visit her children within the marital home with

Mr. Akl present.

Of course, the defendants are not asking that she be allowed to move in, only that she be able to visit at the marital home, assisting her husband with the feeding and bathing of their children as needed, and do the many other essential and emotionally-bonding tasks – both large and small – that parents do for and with their children.  In addition, as mentioned above, Mrs. Akl can and would provide much needed help to the children with their homework.  Of course, both defendants would still wear electronic monitoring transmitters, and there would be a court-approved custodian present at the marital home the entire time.

Accordingly, the defendants are asking that Mrs. Akl be allowed to travel to and stay at the marital home from the end of school day at 3:00 p.m., until after dinner at 8:00 p.m., on school days.  The defendants ask that the Court consider allowing this change effective Monday, January 3, 2011, the day the children return to school after the year-end break for the Christmas holiday.

Respectfully submitted,

/s/ Jeffrey J. Helmick
_____
JEFFREY J. HELMICK (0040197)

GAMSO, HELMICK & HOOLAHAN
1119 Adams Street, Second Floor
Toledo, Ohio 43604
(419) 243-3800
Fax: (419) 243-4046

3

**CERTIFICATION**

This Motion was filed through the Court's electronic file system on this 21st day of December, 2010. Accordingly, all counsel of record should receive service through the electronic filing system, which complies with the Court's service requirement.

/s/ Jeffrey J. Helmick

_____